JS-6

MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

SHERRIE R. SAVETT
*(Admitted Pro Hac Vice)*
ssavett@bm.net
ARTHUR STOCK
*(Admitted Pro Hac Vice)*
astock@bm.net
PHYLLIS M. PARKER
*(Admitted Pro Hac Vice)*
pparker@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

*Lead Counsel for Plaintiffs and the Proposed Class*
(See Signature Page for Name and
Address of Additional Counsel for Plaintiffs)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL B. COADY and ROBERT HAKIMIAN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL W. PERRY, A. SCOTT KEYS, and ERNST & YOUNG LLP,<br><br>Defendants. | Case No. CV 08-03812-GW(VBKx)<br><br>**ORDER AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE OF CLASS ACTION**<br><br>**Date:  January 28, 2013**<br>**Time:  8:30 a.m.**<br>**Place:  Hon. George H. Wu**<br>          **Courtroom 10** |

2555262v1/010900

1    This matter having come before the Court for approval of a settlement of the
2 above-captioned action (the "Action") with Michael W. Perry and A. Scott Keys (the
3 "Settling Defendants"), pursuant to this Court's August 10, 2012 Order Preliminarily
4 Approving the Settlement, Directing the Issuance of Notice, and Scheduling a
5 Settlement Fairness Hearing (the "Preliminary Approval Order"), and the Court
6 having heard all parties and having considered all papers filed in connection
7 therewith, and good cause appearing, it is **ORDERED, ADJUDGED AND**
8 **DECREED** on this 29TH day of July, 2013**:**

9    1.    Unless otherwise defined herein, all terms that are capitalized herein shall
10 have the meanings ascribed to those terms in the Stipulation of Settlement and Release
11 dated June 29, 2012 (the "Stipulation").

12    2.    This Court has jurisdiction over the subject matter of the Action (and all
13 actions and proceedings consolidated in the Action), and over Lead Plaintiffs, all
14 Settlement Class Members and the Settling Defendants.

15    3.    The Court finds and determines that the Action may proceed as a class
16 action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure,
17 on behalf of a Settlement Class consisting of all persons or entities who purchased or
18 otherwise acquired IndyMac Bancorp, Inc. common stock between March 1, 2007 and
19 May 12, 2008, through and inclusive, and who were damaged thereby.  Excluded from
20 the Settlement Class are (i) Defendants, (ii) IndyMac Bancorp, Inc. and/or IndyMac
21 Bank, (iii) the executive officers and directors of either IndyMac Bancorp, Inc. and/or
22 IndyMac Bank, (iv) any entity in which any of the Defendants has or had a controlling
23 interest, (v) members of Defendants' immediate families, and (vi) the legal
24 representatives, heirs, successors or assigns of any such excluded party.  Also
25 excluded from the Settlement Class are persons or entities, if any, who requested
26 exclusion as listed on Exhibit A hereto.  The Court further finds and determines,
27 pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that those persons who
28

purchased or otherwise acquired IndyMac Bancorp, Inc. common stock during the Settlement Class Period are so numerous that joinder is impracticable, that there are issues of law or fact common to the Settlement Class, that the claims of the Lead Plaintiffs are typical of the Settlement Class, and that Lead Plaintiffs and their Co-Lead Counsel will fairly and adequately represent the interests of the members of the Settlement Class in enforcing their rights in the Action.  The Court also finds that under Rule 23(b)(3) of the Federal Rules of Civil Procedure, questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the subject matter of the Action.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies for purposes of settlement only Lead Plaintiffs Michael B. Coady and Robert Hakimian as Settlement Class Representatives and appoints Berger & Montague, P.C. and Susman Godfrey L.L.P., as Co-Lead Counsel for the Settlement Class.

5.     Based upon the evidence submitted by Co-Lead Counsel, this Court finds that the method of dissemination of both the published and the individual notices, as previously approved by the Court, to all Settlement Class Members who could be identified through reasonable effort, was adequate and reasonable and constituted the best notice practicable under the circumstances.

6.     The Court also finds that the Notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), and constituted due and sufficient notice of the matters set forth therein.

7.     The proposed Settlement of the Action pursuant to the Stipulation is, in all respects, approved as fair, reasonable and adequate, meets the requirements of due process, and is in the best interests of the Settlement Class, especially in light of the complexity, expense and probable duration of further litigation, the risks of establishing liability and damages, the intensive arm's length negotiation of experienced counsel, and the reasonableness of the recovery herein considering the range of possible recovery and the attendant risks of litigation.  The Lead Plaintiffs and the Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.     The proposed Settlement of the Action pursuant to the Stipulation is in good faith under Sections 877 and 877.6 of the California Code of Civil Procedure, such that the Settling Defendants are discharged from liability for any contribution or indemnity to any other parties.

9.     The method for distribution of the Net Settlement Fund, as set forth in the Plan of Allocation in the Notice, is approved as fair and reasonable.  Co-Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and provisions.   No Settling Defendant or any other Released Party (or their respective counsel), shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or the Plan of Allocation or disbursement of the Net Settlement Fund.  The Court further declares that any appeal of the approval of the Plan of Allocation shall not prevent the Settlement from becoming effective.

10.     If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance over $100,000 remaining in the Net Settlement Fund six (6) months after the initial

distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional fees and expenses incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

11. If after six (6) months following such second distribution, if undertaken, or if such second distribution is not undertaken, any funds remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, these funds shall be donated to a 503(c) charity selected by Lead Counsel and approved by the Court.

12. This Court hereby dismisses the Complaint and the Action (and all actions consolidated into the Action) with prejudice and in their entirety, as against the Settling Defendants, without costs (except as provided in the Stipulation), such dismissal to be binding on Lead Plaintiffs and all Settlement Class Members. This Court specifically finds that all Settlement Class Members are bound by the Settlement and this Order and Final Judgment.

13. The Lead Plaintiffs and all Settlement Class Members, and their respective heirs, executors, administrators, personal representatives, successors,

assigns, guardians, conservators, attorneys-in-fact, or other agents who purchased shares of IndyMac Bancorp, Inc. common stock during the Settlement Class Period in such capacity for and in consideration of the Settlement and other good and sufficient consideration, are hereby permanently barred and permanently enjoined from instituting, maintaining, prosecuting or participating in, either directly or indirectly, any action or other proceeding relating in any way to, or otherwise asserting, any of the Settled Claims, including all Unknown Claims, against any of the Settling Defendants or the Released Parties, and shall conclusively be deemed to have released and forever discharged as by an instrument under seal, any and all Settled Claims whatsoever, including all Unknown Claims, against the Settling Defendants and the other Released Parties.  Lead Plaintiffs, and all other Settlement Class Members who have not properly excluded themselves from the Settlement Class, shall further and conclusively be deemed to have waived the rights afforded by California Civil Code Section 1542 and any other statute or law, or principle of common law, of any other jurisdiction which is similar, comparable, or equivalent to Cal. Civ. Code § 1542.

14.    The Settling Defendants and all the Released Parties are hereby barred and permanently enjoined from prosecuting against any Lead Plaintiff or Settlement Class Member, and their respective heirs, executors, administrators, personal representatives, successors, assigns,  guardians, conservators, attorneys-in-fact, or other agents who purchased shares of IndyMac Bancorp, Inc. common stock during the Settlement Class Period in such capacity, and Plaintiffs' Counsel, and each of them, any claim arising out of or relating to the institution, prosecution, assertion or resolution of the Action, except against any Lead Plaintiff, Settlement Class Member or Plaintiffs' Counsel who or which commences an action or other proceeding in violation of this Order and Final Judgment; provided, however, that nothing herein shall be deemed to bar or enjoin the Settling Defendants from obtaining insurance coverage for the Settlement Amount.

15.    The Court hereby enters a bar order, pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(f)(7)(A), barring and enjoining the prosecution of all claims for contribution or indemnification by the Non-Settling Defendant and all other persons  (including any additional defendants who may in the future be joined in the Action) against the Settling Defendants arising from the Action, any claim asserted in the Action, or any claim based, in whole or in part, upon the subject matter of any of the Settled Claims (the "Bar Order").  Any judgment that may be entered against the Non-Settling Defendant (or any party joined in the future as a defendant) in this Action shall be reduced in accordance with 15 U.S.C. §78u-4(f)(7)(B).

16.    Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain continuing exclusive jurisdiction over all matters relating to the Action and the Settlement, including but not limited to matters relating to the administration, interpretation, effectuation or enforcement of the Settlement and related papers hereby approved, enforcement of this Order and Final Judgment, as well as matters relating to applications for fees and expenses incurred relating to the Action.

17.    _2_ request(s) for exclusion pursuant to the requirements set forth in the Notice having been received, _2_ person(s) who is/are a member of the Settlement Class is/are excluded from the Settlement Class.  All requests for exclusion are listed in Exhibit A hereto.[1]

18.    _0_ objection(s) has/have been received from members of the Settlement Class.

---

[1]  Exhibit A is a list of those persons who excluded themselves from the Settlement Class pursuant to the requirements set forth in the Notice.

19.     8,484 claims have been received through January 15, 2013.  The Claims Administrator will provide a list of claimants after all claims are received and processed, in connection with the motion for distribution of the Net Settlement Fund.

20.     Neither the Settlement, nor this Order and Final Judgment, nor the Stipulation, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings in connection herewith shall be:

(a)     offered or received against any Settling Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Settling Defendant of the truth of any fact alleged by Lead Plaintiffs or the validity of any Claim that has been or could have been asserted in the Action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any other proceeding, or of any alleged liability, negligence, fault, or wrongdoing of the Settling Defendants;

(b)     offered or received against any Settling Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant, or against Lead Plaintiffs and the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Settlement Class;

(c)     offered or received against any Settling Defendant as evidence of a presumption, concession, or admission of any alleged liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or other proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Settling Defendants may refer to it to effectuate the liability protection granted them hereunder or to enforce the terms of the Settlement;

(d)     construed against any Settling Defendant or Lead Plaintiffs and the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Settlement Class or their counsel or any of them that any of the Claims asserted in this Action are without merit or that damages recoverable under the Complaint would not have exceeded the Net Settlement Fund.

21.     Neither the Settlement, nor this Order and Final Judgment, nor the Stipulation, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings in connection herewith shall be construed as an admission by any person or entity with regard to the merit or lack of merit of their Claims in the Action.

22.     Pursuant to 15 U.S.C. § 78u-4(c)(1), the Court finds that each party to the Stipulation and each attorney representing such party in the Action complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

23.     The provisions of this Order and Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  The Clerk is hereby directed to enter judgment in accordance with this Order and Final Judgment as a final judgment with respect to all matters ordered, judged and decreed.

24.     Entry of final judgment and final approval of the Settlement settles and disposes of and discharges all Claims that have been asserted or could have been asserted in the Action against the Settling Defendants and the Released Parties.

25. Plaintiffs' Counsel in the Action are hereby awarded attorneys' fees in the amount of $1,625,000.00, amounting to 25% of the Settlement Fund, plus interest on such amount at the same rate as earned by the Settlement Fund from the date hereof to the date they are actually paid to Co-Lead Counsel.  Plaintiffs' Counsel are further awarded reimbursement of expenses (including experts' fees and expenses) in the amount of $352,507.17, plus interest on such expenses at the same rate as earned by the Settlement Fund from the date hereof to the date they are actually paid to Co-Lead Counsel.  The foregoing awards of fees and expenses shall be paid out of, and shall not be in addition to, the Settlement Fund at the time and in the manner provided in the Stipulation, and shall be paid to Co-Lead Counsel as provided in the Stipulation.  Any and all allocations of attorneys' fees and expenses shall be allocated among Plaintiffs' Counsel at the direction of Co-Lead Counsel at its discretion, who shall apportion the fees and expenses based upon its assessment, in its sole discretion, of the respective contributions to the litigation made by each counsel. The Court further declares that any appeal of the award of attorneys' fees and reimbursement of expenses shall not prevent the Settlement from becoming effective.

Dated:  July 29, 2013

_____
Hon. George H. Wu
UNITED STATES DISTRICT JUDGE

KAL5608038

## <u>EXHIBIT A</u>

**List of Persons Excluded From the Settlement Class**

1. Todd Arkava
   Brentwood, TN
   Purchased 7.09 shares

2. Jeff Mather
   Tucson, AZ
   Purchased 20,842 shares
   Sold 6,360 shares

2555262v1/010900